MINNIE I. STEVENS and Another v. SAMUEL C. STAPLES.[1]

June 30, 1897.

Nos. 10,583—(155).

**Usury—Weight of Evidence.**
> Evidence considered, and *held* sufficient to justify the findings of the trial court.

Action in the district court for Ramsey county to have declared void, on the ground of usury, a written agreement for the repay-

1 Reported in 71 N. W. 929.

ment of a loan made to Minnie I. Stevens, one of the plaintiffs, by defendant Staples, and to have set aside, on the same ground, a deed given to secure this loan. Plaintiffs appealed from an order of the court, Otis, J., denying their motion for a new trial, after findings in defendant's favor. Affirmed.

*B. H. Schriber* and *Edward B. Graves*, for appellants.

*J. M. Hawthorne*, for respondent.

BUCK, J.

These plaintiffs executed to the defendant an instrument in form a warranty deed, and took back a defeasance; the transaction, if valid, constituting a mortgage for the loan of $3,300. The defeasance contained this provision:

"Said second party [Minnie I. Stevens] in consideration of the premises hereby agrees to pay said first party [Samuel C. Staples] the sum of $3,300 on or before three years from date hereof, with interest at the rate of eight per cent. per annum, one-half of said interest payable semi-annually, at which time the balance of interest then due shall revert to and become a part of the principal, and a bonus or additional amount of $300 to be paid at the time the principal is due as part payment for the use of the principal sum of $3,300 for the time herein mentioned."

The trial court found in favor of the defendant, and the plaintiffs appeal from a motion denying a new trial.

In the findings of the court the Exhibit A referred to is the defeasance mentioned above from which we have quoted, and the facts found by the court are as follows:

"(1) Plaintiff Minnie I. Stevens is, and from a time prior to November, 1889, has been, owner of the premises described in the complaint, and on or about November 25, 1889, together with her husband, said plaintiff, Edwin Stevens, executed and delivered to defendant an instrument in writing purporting to be an absolute deed of conveyance of said premises, which was of date and recorded as in the complaint alleged. At the same time, and as part of the same transaction, in connection with said deed, said defendant and said plaintiff Minnie I. Stevens executed between them, signed, acknowledged and delivered the instrument in writing marked 'Exhibit A,' annexed to and made a part of said complaint, and which was duly recorded as in said complaint stated.

"(2) Said deed and agreement, Exhibit A, were so made and executed under the circumstances and agreements following, and not otherwise: In the month of October, 1889, plaintiff Minnie I. Ste-

vens, being in need of money, through her husband, said plaintiff Edwin Stevens, applied to defendant for a loan of $3,500 for a term of years, and offered said premises as security therefor. Defendant did not have in hand any moneys to make said loan, and could not make the same without realizing on certain securities, not due, belonging to him, or borrowing the amount sufficient therefor, and so at first declined the same. Upon being further urgently pressed by plaintiff to accommodate her in the premises, defendant advised said plaintiff that he could advance to her only $3,300 as a loan, and to procure the money necessary for the purpose would cost him the sum of $200. It does not appear that the defendant did not then believe that such would be the expense to him of procuring the money required for the loan. Thereupon the plaintiff agreed that if defendant would procure and loan to her said sum of $3,300 she would pay him for his trouble and expense in the premises, and for so making said loan, at the end of the term for which said loan should be made, the sum of $300 in addition to the principal of said loan and eight per cent. interest on said loan, one-half of said interest to be paid semiannually, and the residue to become semiannually part and parcel of the principal, the same to be secured by a deed of said real estate; which proposition said defendant accepted. Thereupon, pursuant to said agreement, said defendant obtained said money for plaintiff Minnie I. Stevens at a cost to him of over $110, and paid the same to her, and thereupon plaintiffs executed to defendant said instrument in writing so in form a warranty deed, and said instrument, Exhibit A, was so signed and acknowledged for the purpose of evidencing the nature of the transaction, and said Minnie I. Stevens' equity of redemption in said premises. In said Exhibit A, which was drawn up by plaintiff Edwin Stevens, acting for his wife, by mutual mistake, or by design of plaintiffs to defraud defendant, and make the transaction appear usurious, it is incorrectly recited and stated that said $300 was so to be paid for the use of the principal sum of $3,300, instead of reciting and stating the arrangement as in fact it was and as it has been hereinbefore found to have been. No part of said $3,300 has been repaid to defendant, nor of the interest accruing thereon, since May 25, 1890. Defendant, by his answer, waives any right or claim on account of said $300 so agreed to be paid. Said plaintiffs are husband and wife, and said Minnie I. Stevens has been in default with respect to said agreement, A, and said transaction since November 25, 1890. Save as aforesaid, the allegations of the pleadings are not true."

From these facts the trial court found as conclusions of law as follows:

"As conclusions of law the court finds that defendant is entitled to judgment against plaintiff Minnie I. Stevens for the sum of $3,300, with eight per cent. interest thereon since May 25, 1890; that said

deed by her to defendant be adjudged a mortgage, and that the same be foreclosed by a sale of said premises according to law and the course and practice of this court, and the proceeds thereof, after deducting expenses of sale, be applied in payment of the amount so adjudged due, and the costs and disbursements of this action, and for any deficiency, after the application of said proceeds as aforesaid, defendant have execution against said plaintiff Minnie I. Stevens."

We are of the opinion that the facts found are warranted by the evidence, and justify the conclusions of law.

The order denying the plaintiffs' motion for a new trial is therefore affirmed.